UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA LOBELLO,
individually and on behalf of
all others similarly situated,

 Plaintiff,

v.           Case No. 8:24-cv-26-VMC-SPF

HSNI, LLC,

 Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Theresa LoBello's Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs (Doc. # 46), filed on May 1, 2024. Defendant HSNi, LLC, responded on June 17, 2024. (Doc. # 54). For the reasons that follow, the Motion is denied.

**I. Background**

LoBello initiated this Fair Labor Standards Act ("FLSA") action against her former employer, HSNi, on January 3, 2024. (Doc. # 1). She asserts an FLSA claim for failure to pay overtime wages on behalf of herself and a collective of other customer service representatives ("CSRs"). (Id.).

1

From September 2018 to June 2023, LoBello worked for HSNi as a CSR. (Doc. # 20 at 1-2). HSNi "heavily relied on CSRs to field inbound customer calls and respond and/or troubleshoot customer inquiries and problems." (Doc. # 1 at 2). HSNi paid CSRs at varying hourly rates and "classified its CSRs as non-exempt and tasked them with the primary job duty of providing over-the-phone customer service to HSNi customers." (Id. at 2, 7). "CSRs typically worked five days each week and up to, and on occasion more than, forty (40) hours per week." (Id. at 7).

According to the complaint, HSNi "violated the FLSA and common law by systematically failing to compensate its CSRs for work tasks completed before their scheduled shifts when they are not logged into [HSNi]'s timekeeping system, which resulted in CSRs not being paid for all overtime hours worked, overtime gap time when associated with unpaid overtime and in non-overtime workweeks, for regular hours." (Id. at 3-4). "More specifically, [HSNi] failed to compensate CSRs for the substantial time they spent turning on and booting up their computer and computer systems and logging into various computer programs and software prior to clocking into [HSNi]'s timekeeping system, each day." (Id. at 4).

2

"In addition to [LoBello]'s off-the-clock work, [HSNi] failed to compensate [LoBello] (and its other CSRs) at the appropriate overtime rate using the FLSA's 'regular rate' calculation." (Id.). "More specifically, [HSNi] failed to include shift differentials or other non-discretionary remuneration paid to [LoBello] and the CSRs in calculating their correct overtime premiums as required by the FLSA 29 C.F.R. §§ 778.108-109. Instead, [HSNi] only paid [LoBello] and the CSRs an overtime premium calculated from their base hourly rates." (Id.).

On March 6, 2024, LoBello filed a consent to join form from opt-in plaintiff Johnna Desiree Ross. (Doc. # 24). Now, LoBello seeks to conditionally certify a collective defined as follows: "All current and former hourly CSRs who worked for [HSNi] at any time during the three years preceding the filing of the Complaint up through and including judgment." (Doc. # 46 at 4). LoBello and Ross have provided declarations in support of the Motion. (Doc. # 46-4; Doc. # 46-5). HSNi opposes the Motion. (Doc. # 54). The Motion is ripe for review.

II. **Legal Standard**

The FLSA expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime

3

provisions. See 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated."). In making collective action certification determinations under the FLSA, courts typically follow a two-tiered approach:

> The first determination is made at the so-called notice stage. At the notice stage, the district court makes a decision - usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (internal citations and quotation marks omitted).

To maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258

4

(11th Cir. 2008). Similarly situated employees must affirmatively opt-in to the litigation by giving their consent in writing and filing their consent in the court in which such action is brought. 29 U.S.C. § 216(b).

At the notice stage, the Court should initially determine whether there are other employees who desire to opt-in to the action and whether the employees who desire to opt-in are similarly situated. Morgan, 551 F.3d at 1259; Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567–68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. Plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees and must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Morgan, 551 F.3d at 1261 (internal citations omitted).

### III. Analysis

First, the Court must "satisfy itself that there are other employees . . . who desire to 'opt-in.'" Dybach, 942 F.2d at 1567-68. The onus is on LoBello to demonstrate a reasonable basis for the assertion that other employees desire to opt-in. Leo v. Sarasota Cnty. Sch. Bd., No. 8:16-cv-3190-JSM-TGW, 2017 WL 477721, at *2 (M.D. Fla. Feb. 6,

2017); see also Valentin v. Goodfellows of Pasco Cnty., No. 8:21-cv-190-VMC-TGW, 2021 WL 1388651, at *3 (M.D. Fla. Apr. 13, 2021) ("[I]n the Eleventh Circuit, Plaintiffs bear 'the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they proposed.'" (citation omitted)). "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees." Hart v. JPMorgan Chase Bank, N.A., No. 8:12-cv-470-JDW-TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012).

LoBello has not met her burden of establishing a reasonable basis for the assertion that other employees desire to opt-in to this action. The primary evidence of desire to opt-in to the collective is the existence of one opt-in plaintiff, Ross, over the over-six-month duration of the case so far. (Doc. # 24).

True, this Court is mindful that "there is no magic number requirement for the notice stage," and that courts will conditionally certify FLSA collectives even with relatively few plaintiffs present at this stage of the litigation. Ciani v. Talk of the Town Rests., Inc., No. 8:14-

6

cv-2197-VMC-AEP, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015). Collectives have even occasionally been conditionally certified based on a single opt-in notice. See Chen v. Wow Rest. TH, LLC, No. 8:22-cv-2774-VMC-MRM, 2023 WL 3976005, at *3 (M.D. Fla. June 13, 2023) (conditionally certifying FLSA collective where only one other employee had opted-in); Brooks v. A. Rainaldi Plumbing, Inc., No. 6:06-cv-631-GAP-DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006) (denying conditional certification but noting that even one opt-in notice can be sufficient to meet the first requirement for conditional certification). Nevertheless, "[c]ertification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit." Kessler v. Lifesafer Serv. Providers, LLC, No. 6:06-cv-1442-PCF-JGG, 2007 WL 1531395, at *3 (M.D. Fla. May 25, 2007).

The existence of one opt-in is insufficient in this case. Notably, LoBello and Ross's declarations are silent on the issue of other CSRs' desire to opt-in to the collective. (Doc. # 46-4; Doc. # 46-5). Neither LoBello nor Ross mention discussing this putative collective action or the alleged FLSA violations with any other CSRs. The declarations likewise do not address whether any CSRs have expressed

7

interest in opting-in, nor identify any other potential opt-ins by name. See David v. Associated Out-Door Clubs, Inc., No. 8:09-cv-1541-JSM-MAP, 2010 WL 1730702, at *1 (M.D. Fla. Apr. 27, 2010) (finding that plaintiffs "failed to provide sufficient evidence that other employees want to opt in to this action" where only four affidavits were submitted and "three of these affiants could not name any one who was interested in joining"); Robinson v. Dolgencorp, Inc., No. 5:06-cv-122-WTH-GRJ, 2006 WL 3360944, at *5 (M.D. Fla. Nov. 13, 2006) (finding there was not sufficient interest in joining the collective where only three affidavits were submitted to support a nationwide collective and, "[w]ith the exception of Plaintiff's affidavit, neither of the other two affidavits even suggest that there exist other former or current Dolgencorp employees who would like to join the suit"); Sims v. Kaiser Found. Health Plan of Ga., Inc., No. 1:19-CV-03031-JPB, 2020 WL 13588317, at *3 (N.D. Ga. Aug. 26, 2020) (denying conditional certification where there was only one opt-in and neither the named plaintiff nor the opt-in could "identif[y] any other potential opt-ins by name" in their declarations).

Furthermore, this is not a case where the number of potential collective members is so small that the existence

8

of one opt-in by itself suggests that a high percentage of collective members are interested in pursuing the case. Compare Chen, 2023 WL 3976005, at *3 (conditionally certifying a collective with two named plaintiffs and one opt-in plaintiff after noting that the small defendant restaurant "typically employed only eleven employees in various roles at the same time" such that "the fact that only one other employee has opted-in at this early stage of the litigation does not suggest that there is little interest in the litigation from potential collective members"), with (Doc. # 46-4 at 1-2) (LoBello's declaration stating that HSNi "has employed hundreds of CSRs over the past three years").

Because LoBello has not shown that other employees desire to opt-in, the Motion is denied. See Kessler, 2007 WL 1531395, at *3 ("Kessler does not satisfy his burden of showing that additional employees are interested in opting into the case. The case has been pending for over seven months. Although no formal notice has been authorized, only DiFiore has expressed interest in opting in. Further, neither Kessler nor DiFiore provide any specific facts to support their belief that other employees are interested in opting in."). The Court will not conditionally certify the collective.

9

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Theresa LoBello's Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs (Doc. # 46) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of July, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE