## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| **THERESA LOBELLO**, individually, and on behalf of others similarly situated, | : : : : : | Case No: 8:24-cv-00026 |
|  | : | Hon. Virginia M. Hernandez Covington |
| Plaintiff, | : : |  |
| v. | : : |  |
| **HSNi, LLC**, a limited liability corporation, | : : : |  |
| Defendant. | : : |  |

### PLAINTIFF'S SUPPLEMENTAL MOTION FOR APPROVAL OF FLSA SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff Theresa Lobello ("Plaintiff") and Opt-in Plaintiff Johnna Ross ("Opt-in Plaintiff") jointly filed Plaintiff's Supplemental Motion for Approval of FLSA Settlement and Award of Attorneys' Fees and Costs pursuant to the Court's Order on November 21, 2024. Doc. 61. Plaintiff and Opt-in Plaintiff respectfully request that the Court enter an order:

(1) Approving the Parties Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice; and

(2) Enter an order approving an award of attorneys' fees and cost in the amount of $33,186.12.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Counsel for Plaintiff conferred with counsel for Defendant via email on December 9, 2024, and counsel for Defendant had indicated that Defendant does not oppose this motion.

Dated: December 9, 2024          Respectfully Submitted,

/s/ Kathryn E. Milz
Jason J. Thompson
Kathryn E. Milz
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
jthompson@sommerspc.com
kmilz@sommerspc.com

Bradley W. Butcher, Esq.
Florida Bar No. 0020045
BUTCHER & ASSOCIATES, P.L.
6830 Porto Fino Circle, Suite 2
Fort Myers, Florida 33912
(239) 322-1650
bwb@b-a-law.com

*Attorneys for Plaintiff and the*
*Putative Collective/Class Members*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 9, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Kathryn E. Milz</u>
Kathryn E. Milz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| **THERESA LOBELLO**, individually, and on behalf of others similarly situated, | : |
| | : |
| | : Case No: 8:24-cv-00026 |
| | : |
| | : Hon. Virginia M. Hernandez Covington |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **HSNi, LLC**, a limited liability corporation, | : |
| | : |
| | : |
| Defendant. | : |

## <u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION FOR APPROVAL OF FLSA SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Lobello and Opt-in Plaintiff Ross have agreed to an individual settlement of their alleged FLSA claims seeing unpaid wages against Defendant, HSNi, LLC.  On November 21, 2024, the Parties filed a Joint Motion for Entry of an Order Approving Settlement and Dismissing Case with Prejudice.  On November 22, 2024, the Court entered an Order deferring the Parties Joint Motion for Entry of an Order Approving Settlement and requesting Plaintiff's counsel to provide additional information with regard to the damages amount for Plaintiff and Opt-in Plaintiff and reasonableness of attorneys' fees and costs. Doc. 61.  In this Motion, Plaintiff respectfully requests entry of an order: (1) approving the Parties Joint Motion for Approval of Settlement [Doc. 60]; and (2) awarding Plaintiff's counsel's attorneys' fees costs in the amount of $33,186.12.

## II.    <u>FACTS</u>

### A. Pre-Litigation

On January 23, 2024, Plaintiff, Theresa Lobello ("Plaintiff"), filed her Collective and Class Action Complaint against Defendant, HSNi, LLC ("Defendant"),  alleging that Defendant willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by knowingly suffering or

permitting Plaintiff and other call center agents ("CSRs") to perform unpaid work before their scheduled shifts, but failing to pay these employees the federally mandated overtime compensation. Doc. 1. Defendant denies the claims brought by Plaintiff.

After ten months of litigation, including Defendant's Motion to Dismiss, Plaintiff's Motion for Conditional Certification, a failed in-person mediation and service of discovery requests, the Parties met and conferred regarding potential resolution of this matter on October 8, 2024. (**Ex. A** Declaration of Attorney Milz, ¶¶ 9-16).

### B. Settlement Negotiations

Considering the failed mediation and Plaintiff's denied motion for conditional collective certification, Plaintiff's counsel had multiple discussions with Plaintiff Lobello and Opt-in Ross regarding potential next steps and likelihood of success and outcome of the litigation. *Id*. at ¶ 17. Plaintiff's counsel obtained authorization from Plaintiff Lobello and Opt-in Plaintiff Ross to make a settlement demand on Defendant. *Id*. On August 8, 2024, Plaintiff's Counsel made a demand on behalf of Plaintiff and Opt-in Plaintiff for $7,168.86 with a response deadline from Defendant of August 19, 2024. *Id*. at ¶ 18.

On October 8, 2024, the Parties met and conferred regarding Plaintiff's August 8th Settlement Demand Letter. The Parties discussed Plaintiff's August 8th Letter at length, including but not limited to, Plaintiff and Opt-in Plaintiff's alleged unpaid overtime from off-the-clock work, liquidated damages, and attorneys' fees and costs. *Id.* at ¶ 21.  The Parties continued to hold meet and confers where the counsel for the Parties conveyed their clients' offers and counter offers until a mutual compromise was reached on the amount of damages for Plaintiff and Opt-in Plaintiff at which point the Parties continued their separate negotiations regarding attorneys' fees with a final resolution being reached on October 24, 2024. Id. at ¶ 22  The Parties notified the Court on October 28, 2024, of the settlement and requested an extension of time to submit a motion for approval of FLSA agreement.  Doc. 57 & 58.   The Parties filed their Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice on  November 21, 2024. Doc. 60 .

## III.  <u>LEGAL ARGUMENT</u>

### A.  <u>The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.</u>

This Court in *Gomez*, quoting *Lynn's Food*, 679 F.2d 1350, 1353 (11th Cir. 1982), stated "the Eleventh Circuit explained that claims for compensation under

the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment after scrutinizing the settlement for fairness." *Christian S. Gomez, v. Cabinet Coating Kings, LLC & Alex Corral*, 2024 WL 4906024, at *1–2 (M.D. Fla. Nov. 12, 2024), report and recommendation adopted sub nom. *Gomez v. Cabinet Coating Kings, LLC*, 2024 WL 4905442 (M.D. Fla. Nov. 27, 2024). Additionally, "a court may only enter an order approving a settlement if it finds that the settlement is a fair and reasonable resolution of a bona fide dispute of the plaintiff's FLSA claims." *Id*. When considering if a settlement is fair and reasonable the Court considers the following factors:

- The existence of collusion behind the settlement.

- The complexity, expense, and the likely duration of the litigation.

- The stage of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.

- The range of possible recovery.

- The opinions of counsel

*Gomez v. Cabinet Coating Kings, LLC*, 2024 WL 4905442 (M.D. Fla. Nov. 27, 2024)(citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

The instant case involves a situation in which the Court should allow Plaintiff and Opt-in Plaintiff to settle and release their individual claims against Defendant as stated in Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice and the Settlement Agreement attached thereto as Exhibit E.  Doc. 60.  The reason behind *Lynn's Food* is to ensure that a FLSA settlement is fair, and employees are compensated their back wages.  The proposed settlement arises out of an adversarial context.  All Parties have been represented by experienced counsel throughout this litigation.  The Parties' agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the Parties or counsel for the Parties.  The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation. The Parties negotiated in good faith for over six (6) hours at an in-person mediation, which ultimately resulted in an impasse because the Parties were unable to resolve their differences on whether Plaintiff performed off-the-clock

work, if she did perform off-the-clock work exactly how much she performed and if any of Defendant's defenses were applicable.

Over the next seven (7) months of litigation, Plaintiff filed and was denied her Motion for Class Certification, Dismissed Counts II (Rule 23 Nationwide Class Action Breach of Contract) and Count III (Rule 23 Nationwide Class Action Unjust Enrichment) of her Complaint, prepared and served discovery on Defendant. Plaintiff's counsel had multiple discussions with Plaintiff and Opt-in Plaintiff regarding potential next steps, the length of protracted litigation and the likelihood of success and outcome of the litigation. Plaintiff's counsel discussed the damage model analysis with Plaintiff and Opt-in Plaintiff and Defendant's Defenses and the benefit and likelihood of settlement if their alleged off-the-clock minutes of ten (10) to twenty (20) minutes were reduced to a more reasonable three (3) to eight (8) minutes) per day. (**Ex. A** Declaration of Attorney Milz, ¶¶ 39-42). Ultimately on August 8, 2024, Plaintiff's counsel drafted and served a settlement demand letter for individual settlement demands for Plaintiff and Opt-in Plaintiff of fifteen minutes of off-the-clock work per day including liquidated damages in the amount of $7,168.86.

After multiple meet and confers with Defense Counsel and obtaining Plaintiff and Opt-in Plaintiff's authorization, Plaintiff and Opt-in Plaintiff agreed to settle for five (5) minutes of off-the-clock work, in the amount of $2,334.38 including liquidated damages. Plaintiff and Opt-in Plaintiff believe this to be a fair and reasonable resolution of their claims give the amount recovered, the wage records and calculations produced by Defendant, and the likely affirmative defenses Defendant would raise.

### 1. *No Indicia of Fraud or Collusion Exists*

The Parties' respective counsel has extensive experience litigating claims under the FLSA. The Agreement was achieved after arms-length and good faith negotiations between the Parties. As such, there is no indicia of fraud or collusion.

### 2. *The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval*

The policy favoring the settlement of class actions and other complex cases applies forcefully here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming.

Defendant claims that even if Plaintiff and Opt-in Plaintiff could succeed on the merits (which it contends they could not), Plaintiff and Opt-in Plaintiff cannot prove a willful violation of the law, and thus, no wages would be owed for the

third year of the three-year limitations period. In addition, the Plaintiff Motion for Conditional Certification was denied and the Parties disagree as to whether Plaintiff and Opt-in Plaintiff on an individual basis could establish an underlying violation of the FLSA.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Parties would need to engage in extensive briefing and/or oral argument regarding dispositive motions. Discovery would be expensive and time-consuming given the continued factual and legal disputes between the Parties. The Settlement Agreement, on the other hand, provides prompt, efficient, and substantial relief to Plaintiff and Opt-in Plaintiff on their individual claims.

### 3. Investigation was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. Relevant information was exchanged including exhaustive data regarding the Plaintiff and Opt-in Plaintiff's time and payroll records. (*See generally*, **Ex. A** Declaration of Attorney Milz) Plaintiff's Counsel obtained and reviewed detailed records for Plaintiff and Opt-in Plaintiff, and the legal issues in the case were thoroughly researched by counsel for the Parties. (*Id*.) All aspects of

the dispute are well-understood, and were competently negotiated, by both sides.

(*Id.*)

### 4. The Risks of Litigation Favor Approval

Given the factual and legal complexity of this matter, it is difficult to assess Plaintiff and Opt-in Plaintiff's likelihood of success at trial. Plaintiff and Opt-in Plaintiff's claims are based on disputed issues of fact and law and Plaintiff and Opt-in Plaintiff's success at trial is far from guaranteed. In sum, although Plaintiff and Opt-in Plaintiff asserts that their claims are meritorious, the action certainly is not without risk. This factor thus weighs in favor of approval.

Counsel for both Parties believe in the merits of their respective clients' positions, but nonetheless recognize that litigation is uncertain in terms of duration, cost, and result. Moreover, in the present case, should the case not settle, Defendant has filed its responsive pleading and raised numerous affirmative defenses to Plaintiff and Opt-in Plaintiff's claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all and at each stage, including, summary judgment and trial.

Even if Plaintiff and Opt-in Plaintiff succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties

continue to disagree. Even if Plaintiff and Opt-in Plaintiff were to succeed on the merits, Defendant believes that this Court or a jury could find that a significant portion of Plaintiff and Opt-in Plaintiff's alleged damages were attributable to practices under the FLSA. Additionally, a jury could find that Defendant acted in good faith, and thus not award any liquidated damages. Any of these scenarios could result in a monetary award of less than the amount obtained through this settlement.

### 5. *Counsel, Plaintiff and Opt-in Plaintiff Favor the Agreement*

Plaintiff and Opt-in Plaintiff's range of possible recovery is also disputable. Even if Plaintiff and Opt-in Plaintiff succeed on the claims' merits, the recovery amount is uncertain and something upon which the Parties continue to disagree.

Here, Plaintiff's Counsel believes the settlement is fair, reasonable, and adequate. Plaintiff's Counsel has extensive experience in wage-and-hour class and collective actions, has acted in good faith, and has vigorously represented their client in negotiating the settlement. (*See* **Ex. A**.) Plaintiff and Opt-in Plaintiff have been fully informed and involved in the settlement process and agree to the Agreement.

### 6. Settlement is in the Public Interest

"There is a strong presumption in favor of settlement." *Gomez v. Cabinet Coating Kings, LLC*, 2024 WL 4905442 (M.D. Fla. Nov. 27, 2024); *see also, Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).   The settlement ends complex litigation that has been pending for nearly ten (10) months and provides substantial relief to Plaintiff and Opt-in Plaintiff and avoids protracted, costly litigation. The Settlement's terms are equitable and provide a reasonable resolution to the action. Continued litigation would increase the attorneys' fees and costs, with no guarantee of a larger verdict in favor of Plaintiff and Opt-in Plaintiff. In fact, rulings by this Court or a jury verdict could result in less of recovery for Plaintiff and Opt-in Plaintiff if this Court or a jury were to rule in Defendant's favor on disputed fact and law issues.

### B. <u>Plaintiff's Counsel's Request for Fees and Costs is Reasonable and Hourly Rate Requested is Appropriate in this Case.</u>

### 1. Attorneys' Fees and Costs are Reasonable

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement

agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).  The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorney's fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney's fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *Christian S. Gomez, v. Cabinet Coating Kings, LLC & Alex Corral*, 2024 WL 4906024, at *2 (M.D. Fla. Nov. 12, 2024), report and recommendation adopted sub nom. *Gomez v. Cabinet Coating Kings, LLC*, 2024 WL 4905442 (M.D. Fla. Nov. 27, 2024 *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The attorneys' fees and costs agreed upon to be paid by Defendant under the Settlement Agreement are separate and distinct from the consideration being paid to resolve Plaintiff and Opt-in Plaintiff's underlying wage claims.  As numerous courts have held, where a plaintiff's attorneys' fees were agreed upon separately and without regard to the amount paid to plaintiff, then unless the settlement does not appear to be reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to their attorney, the court will approve the settlement without separately

considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g.,*

*Bonetti*, 715 F.Supp. 2d at 1228.

As set forth in the attached declaration of Plaintiff's Counsel, this action required large amounts of attorney time beginning at the pleadings stage, and continuing through settlement.[1] (See generally **Ex. A** Milz Decl.) Plaintiff's Counsel expended significant resources processing the litigation. To date, Plaintiff's Counsel has worked 210.6 hours, amounting to lodestar in the amount of $89,391.13. (**Ex. A**, Milz Decl. at ¶¶ 51-52). This amount includes incurred out-of-pocket litigation expenses in the amount of $7,091.12. (*Id*. at ¶ 53). Plaintiff's Counsel undertook all the risk of this litigation on a completely contingent fee basis, expending time and incurring expenses with the understanding that there was no guarantee of compensation or reimbursement. If unsuccessful in obtaining a positive result, Plaintiff's Counsel would not receive *any* compensation for their large investment of time and resources in prosecuting the claims. Plaintiff's Counsel in understanding of the failed mediation and Plaintiff's denied Motion for Conditional Certification adjusted their fees and costs to reflect those outcomes.

---

[1] *See also*, Plaintiff's Counsel's Billing and Time Records attached to Ex. A, Milz Decl. as Exhibit 1.

(*Id*. at ¶ 51-53).  However, the successful result obtained on behalf of Plaintiff and Opt-in Plaintiff, in the face of considerable risk of non-payment, further counsels in favor of awarding Plaintiff's Counsel requested adjusted fee of $33,186.12.

## 2.  *Hourly Rates are Appropriate*

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. *Perez v. Mediglez Wellness Ctr., Inc.*, 2013 WL 6038775, at *2 (M.D. Fla. Nov. 14, 2013) citing *Webb v. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234, 242, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985); *see also Hamilton v. Frito–Lay, Inc.,* , 2007 WL 328792, at *2 (M.D.Fla. Jan.8, 2007) ("The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. Further, fee counsel must supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.") (internal quotation omitted). *Perez v. Mediglez Wellness Ctr., Inc.*, 2013 WL 6038775, at *2 (M.D. Fla. Nov. 14, 2013)

Plaintiff's Counsel has supplied the Court with its Billing and Timekeeping records and provided a breakdown of the litigation categories and the respective billing amount for each including the adjusted, negotiated amount. (**Ex. A**, Milz Decl. at ¶¶ 51, 54; Ex. 1 to Milz Decl.)

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation". *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984), Accord, *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir.1985). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *N.A.A.C.P. v. City of Evergreen, Ala., 812 F.2d 1332, 1338 (11th Cir. 1987)*. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Plaintiff's Counsel has settled numerous FLSA cases throughout the United State in multiple jurisdictions with hourly rates for senior shareholders as high as $800 to $685, associate attorneys from $300 to $350 and paralegals from $75 to $100. (**Ex. A**, Milz Decl. at ¶¶ 55). Plaintiff's counsel, Jason J. Thompson, based in Michigan with over 30 years of experience in employment litigation and class

actions, and Kathryn E. Milz, also Michigan-based with over 17 years of legal practice, charge hourly rates that are commensurate with their experience and expertise[2].

Per the Court's request Counsel was unable to find locate any Middle District of Florida cases where the hourly rates equal those of Plaintiff's Counsel.

Substantial fee awards encourage attorneys to take on risky cases on behalf of clients who cannot pay hourly rates and would therefore not otherwise have realistic access to courts. That access is particularly important for the effective enforcement of public protection statutes, such as the wage laws at issue here. See *Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979) ("private suits provide a significant supplement to the limited resources available to [government enforcement agencies] for enforcing [public protection] laws and deterring violations."). By incentivizing plaintiff's attorneys to take on risky, high-stakes, and important litigation, and devote themselves to it aggressively and fully, fee awards serve an important purpose and extend the access of top legal talent to constituencies such as low-wage workers who would otherwise never be able to confront employers, who are themselves represented by top-rated attorneys.

---

[2] See https://www.sommerspc.com/people/jason-j-thompson/; see also, https://www.sommerspc.com/people/kathryn-e-milz/

The Parties stipulate that Plaintiff and Opt-in Plaintiff's attorneys' fees and costs in the sum of $33,186.12 are reasonable and, as indicated by the Settlement Agreement itself, the payment of those fees and costs are separate from and will in no way affect the amounts Plaintiff and Opt-in Plaintiff will recover.

### C. <u>November 6, 2024, Court-Ordered Mediation</u>

As the Court points out in its November 22nd Order, the Parties had a court-ordered mediation scheduled for November 6th.  However, given that the Parties had reached a settlement agreement prior to that date and notified the Court of such on October 28, 2024, the Parties, albeit, however, wrong, were under the impression that mediation should be cancelled as there was no longer a dispute to resolve and it would be a waste of the Parties' and their Clients' time and money to participate an unnecessary mediation.

### IV.   <u>CONCLUSION</u>

All Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of their claims.  The terms of the Settlement Agreement are contingent upon approval by the Court.

The Plaintiff respectfully requests that the Court approve the Parties Joint

Motion for Entry of Order Approving Settlement and Dismissing Case with

Prejudice filed with the Court on November 21, 2024 and enter an order approving

an award of attorneys' fees and cost in the amount of $33,186.12.

Dated: December 9, 2024             Respectfully Submitted,

                                    /s/ Kathryn E. Milz
                                    Kathryn E. Milz
                                    Jason J. Thompson
                                    SOMMERS SCHWARTZ, P.C.
                                    One Towne Square, 17th Floor
                                    Southfield, Michigan 48076
                                    Telephone: 248-355-0300
                                    jthompson@sommerspc.com
                                    kmilz@sommerspc.com

                                    Bradley W. Butcher, Esq.
                                    Florida Bar No. 0020045
                                    BUTCHER & ASSOCIATES, P.L.
                                    6830 Porto Fino Circle, Suite 2
                                    Fort Myers, Florida 33912
                                    (239) 322-1650
                                    bwb@b-a-law.com

                                    *Attorneys for Plaintiff and the*
                                    *Putative Collective/Class Members*