UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA LOBELLO ET AL,

    Plaintiffs,

v.                                    Case No. 8:24-cv-26-VMC-SPF

HSNi, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. # 60), filed on November 21, 2024, and Plaintiffs' Supplemental Motion for Approval of FLSA Settlement and Award of Attorneys' Fees and Costs. (Doc. # 62). The Court denies both the Joint Motion and the Supplemental Motion.

**I.  Background**

Plaintiff Theresa LoBello, individually and on behalf of all others similarly situated, filed this action against her former employer on January 3, 2024, alleging — among other things — violations of the overtime provisions of the Fair Labor Standards Act (FLSA). (Doc. # 1). On January 9, 2024, the Court entered a fast-track scheduling order. (Doc. # 10).

1

On March 6, 2024, Ms. LoBello filed a notice of consent to join by Johnna Desiree Ross. (Doc. # 24). On March 26, 2024, the parties engaged in a mediation conference. (Doc. # 28). However, Plaintiffs violated the Court's orders for conducting mediations because Ms. LoBello and Plaintiffs' counsel, Kathryn Milz, did not attend the mediation conference in-person, while Ms. Ross did not attend the mediation at all. (Doc. # 23 at 1-2). Accordingly, the Court ordered the parties to attend a second mediation conference, which would be in-person and at the expense of Plaintiffs. (Doc. # 35). However, the parties again violated the Court's orders when they cancelled the mediation scheduled on November 6, 2024, without seeking Court approval. (Doc. # 45).

On May 31, 2024, the Court granted Defendant HSNi, LLC's motion to dismiss Counts Two and Three of the complaint, such that only Count One - the FLSA claim for failure to pay overtime - remained. (Doc. # 52). On July 1, 2024, the Court denied Plaintiffs' motion for conditional class certification and for Court-authorized notice to potential opt-in plaintiffs. (Doc. # 56).

On October 28, 2024, Plaintiffs filed a notice of settlement. (Doc. # 57). On November 21, 2024, the parties

2

filed their Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. (Doc. # 60). The parties reached a settlement wherein it is agreed that Ms. LoBello will receive $527.43 for unpaid wages and $527.43 for liquidated damages, and Ms. Ross will receive $639.76 for unpaid wages and $639.76 for liquidated damages. (Doc. # 60 at 5-6). The parties also agreed that Plaintiffs' counsel will receive $28,395.00 in attorneys' fees and $4,791.12 in costs. (Id.). The parties represent that the attorneys' fees were negotiated separately and without regard to the amount to be paid to Plaintiffs. (Id.). The parties explain that the issues in this case are disputed, but they have reached a settlement to avoid the risks and costs of further litigation. (Id.).

Upon reviewing the parties' Motion, the Court expressed concerns regarding two issues: first, that Plaintiffs' damages award was less than expected; and second, that the attorneys' fees amount was excessive and disproportionate to the settlement amount. (Doc. # 61). Ms. Lobello originally claimed in an answer to an interrogatory that she was entitled to $5,866.42 (Doc. # 27), while Ms. Ross claimed in an answer to an interrogatory that she was entitled to $5,981.81. (Doc. # 49). Yet, Plaintiffs reached a settlement months later in

3

which Ms. Lobello will receive just $1,054.86, or about 18 percent of what she initially claimed as her damages, and Ms. Ross will receive just $1,279.52, or about 21 percent of what she initially claimed as her damages. (Doc. # 60 at 5-6).

The Court ordered Plaintiffs to provide supplemental information. (Id.). On December 9, 2024, Plaintiffs filed a Supplemental Motion, which included the declaration of the attorney who did the most work on the case, Kathryn E. Milz, and the itemized billing records for the entirety of the case. (Doc. ## 62, 62-1).

The Motions are now ripe for review.

## II. Analysis

Plaintiffs allege that Defendant violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The Court concludes that the parties have not sufficiently established that the damages and attorneys' fees awards are fair and reasonable. As already addressed, the parties failed to attend Court-ordered mediation in-person. The Court requires that mediation conferences be conducted in-person because the Court firmly believes that in-person

4

mediations are more effective. While the Court approves virtually all FLSA settlement agreements, the Court does so because it has confidence that settlement agreements are fair, especially when reached at a mediation conference.

In this case, the Court has no such confidence. Under the settlement agreement, Plaintiffs are recovering about one-fifth of what they had claimed their damages to be in their answers to the Court's interrogatories. (Doc. ## 27, 49, 50 at 5-6). Plaintiffs explain that this discrepancy was the result of the parties' negotiations over the total number of minutes per day that would be credited towards overtime. (Doc. # 62 at 10-11). They explain that to reach a settlement, they needed to reduce the alleged off-the-clock minutes from ten to twenty minutes per day to five minutes per day. (Id.).

The Court is deeply concerned that the parties negotiated down the damages award for Plaintiffs, while simultaneously seeing fit to agree to an attorneys' fees award that is over ten times the humble damages award. See Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). Based on

5

the disproportionate scope of this agreement that was reached in violation of the Court's orders regarding mediation, the Court concludes that the "plaintiff[s'] recovery was adversely affected by the amount of fees paid to [their] attorney." Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). As such, the Court declines to approve the settlement in full, and explains its misgivings with the settlement.

To start, Plaintiffs have provided no basis to justify Mr. Jason Thompson's billing rate of $700. Mr. Thompson was the attorney that did the second-most work in the case, billing a total of 38.9 hours resulting in over $31,000 in fees. (Doc. # 62-1 at 43). Mr. Thompson has been practicing law for over 30 years. (Doc. # 62 at 19). Plaintiffs cite to numerous cases in which this billing rate has been approved. (Doc. # 62-1 at 19-23). None of these cases are from the Middle District of Florida. (Id.). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996); see also Rivera v. Waste Pro of Fla., Inc., No. 8:22-cv-363-KKM-AAS, 2023 WL 21917, at *2 (M.D. Fla. Jan. 3, 2023) (reducing an attorney's proposed

6

rate because "the practice in the Middle District of Florida is to award attorney's fees for FLSA cases at rates significantly lower than those [the attorney] requests"). Thus, Plaintiffs' attorneys' experiences in other districts are not on point. See Dixon v. Waste Pro of Fla., Inc., No. 8:22-cv-327-VMC-SPF, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022) ("Plaintiff cites supporting [attorneys'] $650 hourly rate is from the Central District of California, an apples to oranges comparison."), report and recommendation adopted, No. 8:22-cv-327-VMC-SPF, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023). Rather, the proper consideration for the Court is the reasonable billing rate for the Middle District of Florida.

"[T]he court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services." Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court finds that $700 per hour in an FLSA case with two plaintiffs is excessive. See Dixon, 2022 WL 18587780, at *3 ("In the Tampa division, $650 per hour in an individual FLSA case pushes the bounds of reasonable."); Vega v. Friends of Dolphins, LLC, No. 8:23-cv-993-CEH-NHA, 2024 WL 5232830, at *3 (M.D. Fla. Dec. 27, 2024) ("[A] survey of recent individual

7

FLSA cases in the Tampa Division of the Middle District of Florida does not support a finding that $650 is the prevailing market rate, even for an attorney with comparable experience to Plaintiff's counsel.").

From the Court's review of recent cases in this District, the Court finds that a reasonable hourly rate for an attorney in Mr. Thompson's position in the Middle District of Florida would be around $400 per hour. See Hamann v. Little Italy's Meatballs, LLC, No. 8:20-cv-2589-VMC-AEP, 2021 WL 1931257, at *6 (M.D. Fla. Mar. 31, 2021), report and recommendation adopted, No. 8:20-cv-2589-VMC-AEP, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021) (reducing an attorney's hourly billing rate from $500 to $400 per hour when the attorney had practiced in Florida for about 30 years); See Rivera, 2023 WL 21917, at *2 (reducing requested attorneys' fees from $650 to $400); Rivera v. Stepp's Towing Serv., Inc., No. 6:22-cv-1020-RBD-RMN, 2023 WL 4551304, at *3 (M.D. Fla. June 28, 2023) ("[R]ecent decisions from this division have found $400 an hour for experienced counsel to be a reasonable rate in FLSA cases."), report and recommendation adopted, No. 6:22-cv-1020-RBD-RMN, 2023 WL 4549612 (M.D. Fla. July 14, 2023).

As to Plaintiffs' counsel, Ms. Milz, the Court finds that her hourly billing rate of $325 per hour is reasonable.

8

She has been practicing law for over seventeen years and is an associate at her firm. (Doc. # 62 at 20). For an attorney with Ms. Milz's experience, the Court finds that an hourly billing rate of $325 per hour is on par with common practices in the Middle District of Florida. See Vinson v. Thee Tree House, LLC, No. 8:22-cv-1928-WFJ-SPF, 2023 WL 6464114, at *4 (M.D. Fla. Oct. 4, 2023) (approving $350 hourly rate in FLSA case for an attorney who was admitted to practice in 2000); Perez v. Margaritas V&P, Inc., No. 6:22-cv-1133-RBD-EJK, 2023 WL 2696182 (M.D. Fla. Mar. 14, 2023), report and recommendation adopted, No. 6:22-cv-1133-RBD-EJK, 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023) (approving $400 per hour for a law firm partner who had practiced law for 11 years); Dixon, 2022 WL 18587780, at *3 ("Courts in the Middle District routinely find hourly rates between $250 and $375 reasonable for associate-level attorneys in FLSA cases.").

The Court finds that $175 per hour for paralegal Debbie Nichols, while high, is reasonable for this legal market. See Gettes v. Carrollwood Vill. Exec. Ctr., LLC, No. 8:16-cv-829-SDM-TBM, 2016 WL 6782779, at *2 (M.D. Fla. Oct. 28, 2016) ("[P]aralegal work in this market is billed at an hourly rate between $75.00 and $125.00 per hour (and higher)."), report

9

and recommendation adopted, No. 8:16-cv-829-SDM-TBM, 2016 WL 6729750 (M.D. Fla. Nov. 15, 2016).

The Court also finds that Plaintiffs' law firm's alleged number of hours expended on this litigation is unsupported. Plaintiffs' law firm claims to have spent over 210 hours on this representation. (Doc. # 62-1 at 44). For a case in which there are just two plaintiffs and plaintiffs' combined recovery is less than $2,500, the Court finds this unreasonable. See Dixon, 2022 WL 18587780, at *4 (finding for a case in which the plaintiff's recovery was $4,550 that less than ten hours of attorney time was appropriate); Ellis v. BayCare Health System, Inc., No. 8:24-cv-2710-VMC-AAS, Doc. # 30 (M.D. Fla. Mar. 6, 2025) (approving $10,000 in attorneys' fees and costs when plaintiff recovered $9,500). The Court finds no basis to support counsel's claims. "[C]ounsel must exercise proper 'billing judgment' and exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" Id. at *2. Upon reviewing counsel's billing records (Doc. # 62-1 at 26-44), the Court concludes that counsel has not exercised proper judgment. For example, the Court notes that counsel billed over $8,000 just in drafting the complaint and performing other pre-complaint tasks. (Id. at 17). The firm billed over $32,000 just for its preparation for and attendance at the

10

mediation alone, even though it directly violated the Court's orders by failing to attend in-person and by failing to assure that Ms. LoBello and Ms. Ross each attended in-person. (Id.). In short, the records show pages and pages of entries to justify devoting an excessive amount of time to these tasks.

The Court's extensive concerns regarding the attorneys' fee award dictates its review of the damages award. The Court is cognizant that "there is a strong presumption in favor of settlement." Gomez v. Cabinet Coating Kings, LLC, No. 6:23-cv-2447-GAP-LHP, 2024 WL 4906024, at *2 (M.D. Fla. Nov. 12, 2024) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)), report and recommendation adopted, No. 6:23-cv-2447-GAP-LHP, 2024 WL 4905442 (M.D. Fla. Nov. 27, 2024). Indeed, that presumption conforms with the Court's practice, which as explained earlier, is to approve virtually all FLSA settlements. However, the Court is also aware that the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 F. App'x at 351.

In this case, the parties have failed to persuade the Court that no such conflict of interest exists. The only

11

statement by the parties in this regard is the boilerplate statement that "[t]he attorneys' fees and costs agreed upon to be paid by Defendant under the Settlement Agreement are separate and distinct from the consideration being paid to resolve Plaintiff and Opt-in Plaintiff's underlying wage claims." (Doc. # 62 at 16). The Court acknowledges that FLSA settlements frequently rely upon similar boilerplate statements. However, in most instances, the Court may rely upon the prudence of an experienced mediator to feel assured that the damages award was not improperly affected by the attorneys' fee award. The Court has no such guidepost here.

The Court's responsibility is to "scrutiniz[e] the settlement for fairness" to assure that the settlement "reflect[s] a reasonable compromise over issues." Lynn's Food Stores, 679 F.2d at 1353-54. On the record before it, the Court is unable to conclude that the settlement represents a reasonable compromise. The Court finds it peculiar that the parties saw fit to negotiate down the damages award to a modest amount, while then agreeing to an attorneys' fees award that is over ten times more than that modest amount. See Bonetti, 715 F.3d at 1228 ("[U]nless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the

amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Given this imbalance between the damages award and attorneys' fee award, the Court is unable to be assured that the settlement is a "reasonable compromise." Lynn's Food Stores, 679 F.2d at 1353-54.

Therefore, the Court denies the Joint Motion and the Supplemental Motion. (Doc. ## 60, 62). The Court directs the parties to re-consider their settlement negotiations.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Stipulated Motion to Approve Settlement Agreement and for Dismissal with Prejudice (Doc. # 60) is **DENIED.**

(2) The Supplemental Motion for Approval of FLSA Settlement and Award of Attorneys' Fees and Costs (Doc. # 62) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE